UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

TSEGABU BEKELE HAILU,              )   No. CV 11-04774-VBK
                                   )
              Plaintiff,           )   MEMORANDUM OPINION
                                   )   AND ORDER
     v.                            )
                                   )   (Social Security Case)
MICHAEL J. ASTRUE,                 )
Commissioner of Social             )
Security,                          )
                                   )
              Defendant.           )
_____)

     This matter is before the Court for review of the decision by the
Commissioner of Social Security denying Plaintiff's application for
disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have
consented that the case may be handled by the Magistrate Judge. The
action arises under 42 U.S.C. §405(g), which authorizes the Court to
enter judgment upon the pleadings and transcript of the Administrative
Record ("AR") before the Commissioner. The parties have filed the
Joint Stipulation ("JS"), and the Commissioner has filed the certified
AR.

     Plaintiff raises the following issues:

     1.    Whether the Administrative Law Judge ("ALJ") gave legally

1  sufficient reasons for rejecting the opinions of Plaintiff's
2  treating physicians;
3  2.  Whether the ALJ gave legally sufficient reasons for
4  rejecting Plaintiff's testimony;
5  3.  Whether the ALJ properly evaluated Plaintiff's diabetes
6  mellitus;
7  4.  Whether the ALJ erred in failing to consider Plaintiff's
8  glaucoma, and also his gout, to be "severe;"
9  5.  Whether the ALJ erred, at Step 5 of the sequential
10  evaluation, in finding that other work exists in the economy
11  in significant numbers that Plaintiff can perform;
12  6.  Whether the ALJ made sufficient findings at Step 3 of the
13  sequential evaluation process; and
14  7.  Whether the ALJ was required to evaluate this claim as a
15  "borderline case."
16  (JS at 3-4.)
17
18  This Memorandum Opinion will constitute the Court's findings of
19  fact and conclusions of law. After reviewing the matter, the Court
20  concludes that for the reasons set forth, the decision of the
21  Commissioner must be reversed and the matter remanded.
22
23
24  **I**
25  **THE ALJ FAILED TO COMPLY WITH THE ORDER OF REMAND, AND THE ORDER OF**
26  **APPEALS COUNCIL REMANDING CASE TO ADMINISTRATIVE LAW JUDGE, IN HER**
27  **EVALUATION OF THE OPINION OF PLAINTIFF'S TREATING PHYSICIANS**
28  Pursuant to a Stipulation to Voluntary Remand Pursuant to

Sentence Four of 42 U.S.C. § 405(g) (AR 469-70), this Court on June 15, 2009 ordered the matter remanded to the Commissioner of Social Security for further proceedings consistent with the terms of the Stipulation to Remand. (AR 471.)

Thereafter, on December 17, 2009, the Appeals Council issued its Order Remanding Case to Administrative Law Judge, which incorporated this Court's Order of Remand, and provided very specific instructions to the ALJ.  Some reference to that Appeals Council Order is merited. In vacating the previous ALJ's decision, the Appeals Council found that the decision "does not contain an adequate evaluation of the treating source opinions," and further found that the prior ALJ "did not consider the opinions by treating physician Michelle Harris, M.D., ..." (AR 475, emphasis added.)  The Appeals Council referenced a functional questionnaire completed by Dr. Harris on November 29, 2007 (AR 475, citing 346-352), and ordered the ALJ, on remand, among other things, to do the following:

1. "Obtain additional medical evidence from the treating sources to clarify the severity of the claimant's impairments, especially with regard to diabetes, high blood pressure, depression and anxiety, to include medical source statements;"

2. "Evaluate the treating and examining source opinions, particularly the opinions by Dr. Harris ... As appropriate, the Administrative Law Judge may request the treating and examining sources to provide additional evidence ... about what the claimant can still do despite the impairments (20 CFR 404.1512 and 416.912)."

(AR 476.)

1 Additional instruction was provided to the ALJ by the Appeals
2 Council.

3 The ALJ failed to carry out either this Court's Order of Remand,
4 or the Order of the Appeals Council. Instead, the ALJ made a
5 determination that, "Dr. Harris apparently did not treat the claimant
6 on a consistent basis ... It appears that her treatment record for the
7 claimant was very short, and did not contain objective findings over
8 a significant treatment period. Therefore, the opinions of Dr. Harris
9 are entitled to little weight." (AR 389.) The ALJ also determined
10 that another of Plaintiff's treating physicians from the USC County
11 facility, Dr. Angel, was not a treating physician, appeared not to be
12 an examining source, and therefore, determined that "his opinions
13 would only entitled to the weight given to a non-examining source."
14 (AR 389.)

15 By taking this tack, the ALJ rendered a decision which is
16 entitled to little if any weight from this Court. The ALJ was not
17 tasked with determining whether either Dr. Harris or Dr. Angel were
18 treating physicians. Rather, she was required to reevaluate these
19 opinions in accordance with Social Security Regulations, the Code of
20 Federal Regulations, and applicable statutes, and, further if there
21 was any question as to their conclusions, to attempt to develop the
22 record by obtaining further evidence. As noted by the Appeals
23 Council, "the Administrative Law Judge may enlist the aid and
24 cooperation of the claimant's representative in developing evidence
25 from the claimant's treating sources." (AR 476.) None of this
26 occurred. (See, 20 CFR § 404.977(b)("The [ALJ] shall take any action
27 that is ordered by the Appeals Council, ...") The ALJ was obligated
28 to assess Dr. Harris as a treating source. Her failure to do that,

and instead her determination that Dr. Harris' opinion is deserving of little deference, and indeed, that Dr. Harris may fall to the bottom rung of the ladder as a non-examining source, is fundamental error, mandating another remand.  See Strauss v. Commissioner, 635 F.3d 1135 (9th Cir. 2001).  There is ample factual evidence in the record that these persons, among others, are Plaintiff's treating physicians.  By not evaluating their opinions as those of treating physicians, the ALJ failed to provide the requisite specific, or even legitimate reasons to reject their opinions.  See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

Compounding the error is the ALJ's reliance on conclusory statements, such as that Dr. Harris' opinion "did not contain objective findings over a significant treatment period," which have deprived the Court of its essential function of determining whether an ALJ's evaluation of a physician's opinion is sustainable.  It is exactly this type of conclusory statement which the Ninth Circuit has long held to be inadequate for judicial review.  See Regennitter v. Commissioner, 166 F.3d 1294, 1299 (9th Cir. 1999).

Even absent these fatal structural errors, the ALJ's evaluation of the opinions of Drs. Angel and Harris falls short.  It appears that instead of undertaking a careful evaluation of the evidence, the ALJ determined to simply accept the opinions of the telephonically testifying medical expert ("ME"), Dr. Brovender.  (See AR at 404-418.) Dr. Brovender is trained as an orthopedist, yet he felt competent to provide opinions with regard to Plaintiff's hypertension and glaucoma. While it may not be required by any specific statute or regulation that a testifying medical expert must have expertise in all areas in which he renders an opinion, limitations in expertise should be

carefully evaluated by the ALJ.  Here, Plaintiff correctly notes that even though Dr. Brovender acknowledged that he had no specific expertise outside his area of specialization in orthopedics (AR 408), he nevertheless rendered very specific opinions regarding Plaintiff's diabetes and hypertension, although he seemed unfamiliar with certain fundamental tests that pertain to diabetes. (See AR at 410-411, and JS at 7, fn. 2.)  Moreover, even in the area of orthopedics, the ALJ seemed to uncritically accept Dr. Brovender's opinion as to Plaintiff's ability to ambulate, without specifically discussing the medical record which, by virtue of the opinions of examining orthopedists, substantiates that Plaintiff at times limped, walked with an antalgic gait, used crutches, and had locking in his knees. (See AR at 218, 238, 243, 244.)  For example, the opinion of the Workers Compensation Agreed Medical Examiner, orthopedic surgeon Dr. Angerman, indicated that Plaintiff walked with an antalgic gait and should be precluded from walking on uneven terrain. (AR 205-213.) While the Court does not opine whether this opinion should be entitled to controlling weight, nevertheless, the ALJ's job was to determine whether non-examining physician Dr. Brovender correctly analyzed the medical records he reviewed in order to render his opinion.  As another example, in one of the reports that Dr. Brovender indicated he reviewed, the conclusion of the examiner was that Plaintiff should be limited to occasional walking on uneven terrain (AR 266); however, Dr. Brovender interpreted that report as demonstrating "full range of motion in the upper and lower extremities." (AR 407.)  This is an obvious contradiction which the ALJ must have reconciled instead of uncritically accepting the non-examining physician's interpretation. It is hornbook law that in and of itself, the opinion of the non-

examining physician, cannot constitute substantial evidence to reject the opinion of an examining or treating doctor.  See Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995).

As is often the case, an ALJ's evaluation of the opinions of treating and examining physicians is determinative of and relevant to many other issues.  That is the case here.  For example, Plaintiff's second issue is whether the ALJ gave legally sufficient reasons for rejecting his testimony.  The ALJ depreciated Plaintiff's credibility as to his subjective symptoms, to the extent they differed from her assessment of his residual functional capacity ("RFC"). (See AR at 389.)  Clearly, the ALJ's determination of Plaintiff's RFC was in large part dependent upon which opinions she credited among those of treating, examining and non-examining physicians.  As the Court has noted, in this case the ALJ uncritically accepted the opinion of the non-examining ME, and therefore, her credibility analysis cannot be sustained, since it is built on a shaky and inadequate foundation.

The Court's concern with the adequacy of the ALJ's evaluation of the record, much less her conclusions, is also evidenced with regard to the third issue in this case, which is whether the ALJ properly evaluated Plaintiff's diabetes mellitus.  The ALJ concluded that this condition "was controlled with medication."  According to her Decision, this conclusion is based on a single entry in a medical record dated February 29, 2009. (See AR 390, 602.)  The Court is somewhat incredulous at the skimpy basis for this conclusion, in view of a rather substantial amount of information in the medical record which indicates that Plaintiff's diabetes has historically been poorly controlled.  See AR 265 (Dr. Taylor's indication that Plaintiff appears to have very poor blood sugar control and symptoms of

peripheral neuropathy); typically high blood sugar readings (AR 261); consistently high A1c results (AR 294, 298, 300, 580, 588, 595, 600, 616); and high glucose levels in twelve laboratory studies between 2006 and 2009. (AR 308, 604-08.)  Moreover, between 2006 and 2010, Plaintiff's treating physicians increased Plaintiff's diabetes medications several times.  One cannot read these records without concluding that Plaintiff's diabetes condition was not well controlled.  In accepting the opinion of orthopedist Dr. Brovender that Plaintiff's diabetes "appears to be controlled" (see testimony at AR 408), the ALJ effectively abdicated her role of independently evaluating medical opinions and simply accepted the opinion of a non-testifying orthopedist with regard to an area in which he admittedly had no expertise.

Similar infirmities plague the ALJ's evaluation of Plaintiff's glaucoma, which is the subject of Issue No. 4.  There is evidence in the record concerning this condition which demands objective and independent evaluation.  Plaintiff often reported blurry vision when he was examined by physicians with expertise in the area of glaucoma. Nevertheless, the ALJ's opinion simply failed to review or evaluate any of this information, and instead reached the conclusion that Plaintiff's asserted vision problems did not preclude him from operating a motor vehicle. (AR 390.)  Again, this faulty analysis formed the basis for the ALJ's ultimate conclusion, at Step Five of the sequential evaluation, that other work exists in the economy which Plaintiff can perform. (Issue No. 5.)

The Court is concerned by the fact that over six years have passed since Plaintiff first applied for disability benefits.  The Court's role is not to opine whether or not Plaintiff is disabled;

rather, it is to evaluate the final decision of the Commissioner to see if it is supported by substantial evidence.  The Court cannot affirm the Commissioner's decision.  The Court is even more concerned that the second time around, in reaching a decision of non-disability, the ALJ completely sidestepped the explicit instructions provided not only by this Court in the Order of Remand, but by the Appeals Council itself.  Plaintiff is entitled to a prompt determination of whether or not he is disabled.  The Court has no confidence that this ALJ can perform that task as required.  Thus, this is the rare case in which the Court will require that on remand, the issue of Plaintiff's disability application will be reviewed de novo by a new ALJ, although the Commissioner's own regulations may independently prohibit assignment to the same ALJ on a second remand.  On remand, the ALJ will be mindful of this Court's previous Order of Remand, and the implementing Order of the Appeals Council.

   For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

   **IT IS SO ORDERED**.


DATED: April 30, 2012                    /s/
                              VICTOR B. KENTON
                              UNITED STATES MAGISTRATE JUDGE